IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHAWN R. CHRISTY,

        Petitioner,

v.

DANIEL SPROUL,

        Respondent.

Case No. 3:23-CV-888-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Shawn R. Christy, an inmate of the Bureau of Prisons ("BOP") currently incarcerated at U.S. Penitentiary Marion, brings this action pursuant to 28 U.S.C. § 2241. (Doc. 1). The matter is now before the Court for preliminary review. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

Christy raises four grounds for relief in his Petition, summarized as follows: (1) he has been denied mail call on a regular basis and his legal mail has been opened in violation of BOP policy; (2) the Communications Management Unit has denied his legal mailings to state and federal courts and returned them to him; (3) the executive branch has obstructed his access to the courts and exercise of his legal rights, as his case manager is an FBI agent; and (4) he has been denied access to the law library and to his legal

paperwork, which was stolen from him to obstruct and delay his federal appeal. (Doc. 1).

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a prisoner is challenging the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). If a federal prisoner is not challenging the fact of his confinement, but instead the conditions under which he is being held, his available remedy is under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Glaus v. Anderson*, 408 F.3d 382, 386-87 (7th Cir. 2005).

Allegations regarding interference with a prisoner's legal mail and access to legal paperwork are potential First Amendment violations and are not challenges to the execution of or duration of one's sentence. Thus, they cannot properly be raised in a § 2241 petition. *See, e.g.*, *Mejorando v. True*, No. 18-CV-1701-MJR, 2018 WL 5113114, at *1 (S.D. Ill. Oct. 19, 2018) (challenge to law library policies and practices must be brought in a civil rights action rather than a habeas petition); *Akers v. Walton*, No. 13-CV-01090-DRH, 2013 WL 6068584, at *2 (S.D. Ill. Nov. 18, 2013) (allegations regarding interference with legal mail cannot be remedied in a habeas corpus action); *Credico v. BOP FDC Warden of Philadelphia*, 592 F. App'x 55, 58 (3d Cir. 2014) (prison officials' failure to forward legal mail is not a cognizable claim in a § 2241 petition).

Here, Christy's grounds for relief are rooted in his theories that prison officials are denying him access to his legal mail, refusing to send his legal mail, tampering with his legal mail, and refusing to provide access to the law library and his legal paperwork. Because none of these claims challenge the fact or duration of Christy's confinement, the Petition (Doc. 1) is **DISMISSED without prejudice**.

NOTICE

If Christy wishes to appeal this Order, he must file a notice of appeal with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). Christy must list each issue he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*, if he chooses to file one. See FED. R. APP. P. 24(a)(1)(C). If Christy chooses to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. See FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

**IT IS SO ORDERED.**

**DATED:   April 21, 2023**

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**